UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maria Elvira Leon and
My Tierra, Inc., aka,
Mi Tierra, Inc.,

        Plaintiffs,

v.                                           Civil No. 10-5013 (JNE/TNL)
                                              ORDER

State Auto Property
and Casualty Co.,

        Defendant.

---

Richard J. Thomas, Esq., Burke & Thomas, PLLP, appeared for Plaintiffs Maria Elvira Leon and My Tierra, Inc., aka, Mi Tierra, Inc.

Jon A. Hanson, Esq., and Nathan A. Lampi, Esq., Hanson Lulic & Krall, LLC, appeared for Defendant State Auto Property and Casualty Co.

---

Plaintiffs Maria Elvira Leon and My Tierra, Inc., bring this breach of contract action against Defendant State Auto Property and Casualty Co., a foreign insurer, claiming that Defendant improperly denied Plaintiffs' insurance claim for damages caused by a fire. Defendant argues that this action should be dismissed for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiffs respond that they properly effected substitute service of process on Minnesota's Commissioner of Commerce. For the reasons set forth below, the Court denies the motion to dismiss.

On January 4, 2011, Plaintiffs personally delivered the Summons and Complaint to the Commissioner's office. After receiving an affidavit of delivery from the Department of Commerce, Plaintiffs sent a copy of the Summons and Complaint as well as the affidavit of delivery to Defendant. On January 11, 2011, Plaintiffs filed their "Affidavit of Service by Mail"

1

on this case's docket, stating that Plaintiffs had served the Commissioner and sent by certified mail a copy of the Summons and Complaint to Defendant. On February 17, 2011, Defendant filed this motion to dismiss, alleging insufficient service of process and arguing that Plaintiffs failed to strictly comply with Minnesota Statutes section 45.028 (2010).

Under Rule 12(b)(5), improper service of process may be grounds for dismissal. The Court may consider evidence outside the pleadings when resolving a Rule 12(b)(5) motion. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 1353, 1364 (3d ed. 2004). "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).

Defendant contends that service was insufficient because Plaintiffs did not specify in the Summons or the Complaint the statute that allowed substitute service of process on the Commissioner. *See Egge v. Depositors Ins. Co.*, No. A07-150, 2007 WL 2703137, at *2 (Minn. Ct. App. Sept. 18, 2007) (holding that plaintiff must specify statute allowing substitute service of process under § 45.028, subdivision 1(a)). Foreign insurers operating in Minnesota must file, with the Commissioner's office, a consent to the Commissioner's appointment as an agent for service of process. Minn. Stat. § 60A.19, subd. 3 (2010). After this consent is filed, service of process on the insurer is made according to section 45.028, subdivision 2. § 60A.19, subd. 4. Section 45.028, subdivision 2, requires three steps for effective service of process: first, the Commissioner must receive a copy of the process; second, the plaintiff must send notice of the service and a copy of the process by certified mail to the defendant's last known address; and third, the plaintiff must file an affidavit of compliance with the court. Section 45.028, subdivision 1, also addresses substitute service of process on the Commissioner:

> (a) When a person, including any nonresident of this state, engages in conduct prohibited or made actionable by chapters 45 to 83, 155A, 309, and 332,

>and section 326B.802, or any rule or order under those chapters, and the person has not filed a consent to service of process under chapters 45 to 83, 155A, 309, and 332, and section 326B.802, that conduct is equivalent to an appointment of the commissioner as the person's attorney to receive service of process in any noncriminal suit, action, or proceeding against the person which is based on that conduct and is brought under chapters 45 to 83, 155A, 309, and 332, and section 326B.802, or any rule or order under those chapters.
>
>(b) Subdivision 2 applies in all other cases under chapters 45 to 83, 155A, 309, and 332, and section 326B.802, or any rule or order under those chapters, in which a person, including a nonresident of this state, has filed a consent to service of process.  This paragraph supersedes any inconsistent provision of law.
>
>(c) Subdivision 2 applies in all cases in which service of process is allowed to be made on the commissioner of commerce.

Subdivision 1(a) applies where the insurer "has not filed a consent to service of process" on the Commissioner.  Under this subdivision, a plaintiff may nevertheless use substitute service on the Commissioner so long as the action is brought under one of the enumerated statutes.  Where consent has been filed and the action is brought under one of the enumerated statutes, subdivision 1(b) applies and directs that service be made pursuant to section 45.028, subdivision 2.  Subdivision 1(c) applies in all cases "in which service of process is allowed to be made on the commissioner" and requires service to be made pursuant to subdivision 2.  Therefore, both sections 60A.19 and 45.028 are consistent and provide that where a defendant consented to substitute service, service of process must be effected pursuant to section 45.028, subdivision 2. *See* §§ 45.028, subd. 1(c), 60A.19, subd. 4.

Defendant is a foreign insurer that has filed, consistent with section 60A.19, subdivision 3, its consent to substitute service on the Commissioner.  (White Aff. Ex. 1)  Therefore, service of process must be effected pursuant to section 45.028, subdivision 2.  Neither subdivision 1(a) nor subdivision 1(b) of section 45.028 applies in this matter because Defendant has consented to substitute service on the Commissioner and Plaintiffs allege a breach-of-contract action rather

3

than a cause of action under one of the enumerated statutes.  Plaintiffs fully complied with section 45.028, subdivision 2, by: (1) delivering the Summons and Complaint to the Commissioner; (2) mailing a copy of the Summons and Complaint as well as an affidavit of delivery to Defendant by certified mail; and (3) filing an affidavit of compliance.  Because Plaintiffs' service of process strictly complied with section 45.028, subdivision 2, it is sufficient.

Subdivision 2 of section 45.028 applies to "[s]ervice of process under this section." § 45.028 subd. 2.  Defendant argues that the phrase "under this section" requires that Plaintiffs comply with all of subdivision 1 as well as subdivision 2, including subdivision 1(a)'s supposed requirement that one of its enumerated statutes be named.  This argument is erroneous because subdivision 1 describes three different scenarios, and subdivision 1(c) is the only part of subdivision 1 applicable here.  Therefore, even if compliance with subdivision 1 were required, subdivision 1(c), rather than 1(a) or (b), would be the pertinent part of subdivision 1.

At oral argument, Defendant asserted that subdivision 1(b) applies here because Plaintiff's case is brought "under" section 60A.19.  The Court disagrees.  Reading subdivision 1(b) in light of subdivision 1(a), the phrase "cases under chapters" means cases made actionable under the enumerated chapters, not cases where service of process falls under the enumerated chapters, as Defendant urges.  Plaintiffs do not allege conduct made actionable under any of the enumerated statutes; rather, Plaintiffs allege a cause of action for breach of contract.  Because Defendant consented to service of process on the Commissioner, Plaintiffs need only comply with the requirements set out in section 45.028, subdivision 2.

4

Defendant argues that a state district court case, *Owens v. State Farm Fire & Casualty Insurance Co.*, No. 55-CV-10-2283 (Minn. Dist. Ct. Sept. 2, 2010),[1] supports its argument that this case is controlled by subdivision 1(b).  In *Owens*, the defendant argued that service was insufficient because the plaintiff did not name one of the statutes enumerated in subdivision 1.  The district court rejected the argument and held that the plaintiff had effected service of process through sections 60A.19 and 45.028, subdivision 2.  Defendant has included the affidavit of compliance from *Owens* in its submissions to the Court and argues that service was adequate in *Owens* only because the affidavit of compliance from that case includes a reference to section 60A.19.  It was defense counsel's position at oral argument that the decision in *Owens* turned on this allegedly distinguishing fact.  But the opinion in *Owens* reflects no such reasoning, and, further, there would be no reason to require a plaintiff to include a reference to section 60A.19 when the plaintiff is serving process on the Commissioner pursuant to the defendant's *consent*.  However, in cases where the defendant has not consented to service of process on the Commissioner, it is reasonable to require the plaintiff to sufficiently plead the basis for substitute service on the Commissioner because it gives the defendant notice of that basis.

Defendant cites several other cases in support of its argument that Plaintiffs' service of process was insufficient.  *E.g.*, *Berkshire Life Ins. Co. of Am. v. Hudelson*, Civ. Nos. 10-691 (RHK/RLE), 10-1007 (RHK/RLE), 2010 WL 2133852, at *1 (D. Minn. May 27, 2010); *Egge*, 2007 WL 2703137, at *2; *Hadler v. White Bear Lake Ins. Co.*, No. C-8-98-248, 1998 WL 644307, at *1 (Minn. Ct. App. Sept. 22, 1998).  However, in none of these cases does the court affirmatively state that the defendant filed consent to substitute service with the Commissioner.

---

[1] Although the parties rely on *Owens*, the opinion itself is difficult to locate because it is not accessible in an online commercial legal database.  A copy was made available to the Court at the hearing, and the Court hereby attaches it to this Order as Exhibit 1.

The undisputed record here is that consent to substitute service was filed.  Defendant points to no case, nor is this Court aware of any, where consent was filed and the plaintiff was nevertheless required to name one of the enumerated statutes to sufficiently serve process.  Indeed, the Court can think of no rational reason for requiring such redundancy.

Finally, Defendant argues that Plaintiffs did not timely file an affidavit of compliance.  Section 45.028, subdivision 2, requires that an affidavit of compliance be filed on or before the return day of the process.  It does not require that any specific form or language be included.  Plaintiffs timely filed an "affidavit of service by mail" that demonstrates compliance with section 45.028, subdivision 2.  The Court finds that Plaintiffs fulfilled this statutory requirement.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 13] is DENIED.

Dated: July 22, 2011

                                                                s/ Joan N. Ericksen  
                                                                JOAN N. ERICKSEN  
                                                                United States District Judge